**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 03-50076-01 [CIVIL NO. 06-0007] |
| VERSUS | JUDGE HICKS |
| DEXTER DEMERY | MAGISTRATE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Dexter Demery's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [Doc. No. 53]. On November 23, 2005, Petitioner filed a "Motion to Eliminate Enhancements and Reduce Sentence" [Doc. No. 51] which requested a reduction in sentence based on the United States Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). Since Petitioner failed to file a timely appeal, the only statute pursuant to which the Court could have modified Petitioner's sentence at that point was 28 U.S.C. § 2255. Accordingly, the Court found that Petitioner's motion was an *attempt* to file a Motion to Vacate, Set Aside or Correct Sentence pursuant to Section 2255 and directed the Clerk's Office to send Petitioner the appropriate documents to file such a motion.[1] [Doc. No. 52]. On January 4, 2005, Petitioner did file a Section 2255 motion, but his motion failed to state any grounds for relief. [Doc. No. 53-1 at pp. 4-5]. However, even if this Court looks to Petitioner's earlier motion [Doc. No. 51] for grounds to support his subsequent Section 2255 motion [Doc. No. 53], Petitioner's motion is without merit.

---

[1] Although the Government is correct that a Court should not re-characterize a Defendant's motion as a Section 2255 motion without warning, this Court did not do so in the instant matter.

Petitioner's conviction became final ten days after judgment was entered on December 15, 2003. He had one year from that date to file any motion pursuant to Section 2255. He failed to do so. Thus, his motion filed on January 4, 2006 is untimely.[2] Even if Petitioner's motion was timely, it would fail on the merits since United States v. Booker only applies to cases on direct review. As this matter is not on direct review, Petitioner's motion is without merit.

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. No. 53] is **DENIED**.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 19th day of April, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]Even if the Court used earlier filing date of the Motion to Eliminate Enhancements and Reduce Sentence, filed on November 23, 2005, the motion would still be untimely.